Law Offices of
Breck Barton & Associates, P.A.
Breck Barton - ISB #2006
70 N. Center, Ste. 2
P.O. Box 100
Rexburg, ID 83440
Phone: (208) 356-4880
Fax: (208) 356-4882
email: breckb@breckbartonlaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE STATE OF IDAHO
## EASTERN DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL MURPHY, by and through Rose Murphy as Personal Representative; ROSE MURPHY; CHARITY WILEY; DERRICK MURPHY; and MANDY COUCH; | CASE NO. _____ |
| Plaintiffs; | **COMPLAINT** |
| vs. | |
| UNITED STATES OF AMERICA; | |
| Defendant. | |

COME NOW the plaintiffs, through counsel, and allege the following:

<u>Jurisdiction/Venue</u>

I.

Plaintiff Estate of Michael Murphy is an open probate in Madison County, Idaho, Case No. CV-2015-747. Plaintiff Rose Murphy has been appointed by the court as the personal representative of the estate.

II.

Plaintiff, Rose Murphy, is the widow of Mike Murphy, deceased, is a resident of the State of Idaho and primarily resides in Madison County.

III.

Plaintiff, Charity Wiley, is a surviving daughter of Mike Murphy, deceased, is a resident of the State of Idaho and primarily resides in Madison County.

IV.

Plaintiff, Derrick Murphy, is a surviving son of Mike Murphy, deceased, is a resident of the State of Illinois and primarily resides in Cook County.

V.

Plaintiff, Mandy Couch, is a surviving daughter of Mike Murphy, deceased, is a resident of the State of Idaho and primarily resides in Madison County.

VI.

Defendant United States of America ("U.S.") is a government entity which has authorized suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671-2680. The applicable agency to which Plaintiffs have filed a Tort Claim pursuant to the

FTCA is the Department of Veteran Affairs ("D.V.A."). Plaintiffs submitted their Tort Claim to D.V.A. on or about May 19, 2016. D.V.A. has denied Plaintiffs claim. Suit against the U.S. is, therefore, allowed pursuant to the FTCA. Jurisdiction in this court exists because U.S. is a party Defendant pursuant to 28 U.S.C.A. §1346(b)(1).

## VII.

Venue exists in the Eastern Division of the District of Idaho because the cause of action accrued in Idaho and involves a doctor employed by U.S. to provide medical services at a D.V.A. clinic in Pocatello, Idaho.

## COUNT ONE:

## VIII.

Based upon information and belief, Mark Butler, M.D. ("Dr. Butler") was employed by the D.V.A. to provide medical services at the D.V.A. clinic in Pocatello, Idaho. Dr. Butler was the medical provider overseeing Michael Murphy ("Mike") treatment at the D.V.A. on May 20, 2014 and thereafter.

## IX.

Mike sought medical care at the D.V.A. clinic in Pocatello, Idaho on or about May 20, 2014. At this visit Mike complained of food/pills sticking in the lower esophagus, pain with swallowing, and regurgitation. These symptoms had been occurring since the prior January of 2014. Further, it was noted that Mike had been losing weight.

X.

In response to Mike's complaints, Dr. Butler ordered lab tests, instructed Mike to take medications for GERD, and indicated he wanted Mike to have a "pill swallow and bariaum study, refer then to EGD." Dr. Butler sent a consult request on May 20, 2014 for this study. When Dr. Butler sent the request, he indicated that it should be canceled if the physicians at the Veterans Hospital in Salt Lake City, Utah did not think it was needed as Dr. Butler also indicated "probably more for GI not speech." The study was not done but was cancelled by Dr. Charles Krueger of the Veterans Hospital in Salt Lake City.

XI.

Mike continued to contact Dr. Butler about complaints as the medication only temporarily relieved Mike's symptoms and/or they were worsening. On or about April 3, 2015 Dr. Butler again treated Mike at the D.V.A. clinic in Pocatello, Idaho. At this time, Dr. Butler sought an urgent EGD after seeing Mike in the clinic that day. The EGD study was obtained on or about April 23, 2015. The pathology report following the EGD revealed that Mike had esophagial cancer.

XII.

Mike passed away on or about September 8, 2015 from the effect of uncontrolled esophageal hemorrhage. The hemorrhage was caused when Mike fell and struck his person against the end of a piece of furniture, likely causing injury to an esophagus weakened from the effects of cancer and treatment. Medical care given by Defendant was negligent in that Defendant failed to appropriately diagnose and treat Mike Murphy in a timely fashion. This

negligence was a substantial contributing factor to the deterioration of Mike's esophagus, its injury, subsequent hemorrhage, and Mike's ultimate death.

### XIII.

Plaintiff Estate of Michael Murphy ("Estate") has suffered damages from the negligence of D.V.A. which include but are not limited to medical expenses, out-of-pocket expenses, and loss of benefits and earnings during the life of Mike Murphy. These damages are in excess of $25,000.00 and are permitted pursuant to Idaho Code § 5-327(2).

### COUNT TWO:

### XIV.

Plaintiffs replead paragraphs VIII – XIII as if fully set forth herein.

### XV.

Plaintiffs Rose Murphy, the surviving widow of Plaintiff Mike Murphy; Plaintiff Charity Wiley, surviving daughter of decedent Mike Murphy; Plaintiff Derrick Murphy, surviving son of decedent Mike Murphy; and Plaintiff Mandy Couch, surviving daughter of decedent Mike Murphy, have all suffered damages which include but are not limited to the loss of society, care, comfort, and companionship of decedent Mike Murphy. Additionally, Plaintiff Rose Murphy as the surviving spouse of decedent, Mike Murphy, has suffered damages including the loss of consortium, loss of household services, and loss of wages/income attributable to the death of her husband, Mike Murphy. These damages are in excess of $1,000,000.00 and are permitted pursuant to Idaho Code § 5-311.

## XVI.

Plaintiffs and each of them have complied with all conditions precedent to the bringing of this suit in Federal District Court pursuant to applicable law and the Federal Tort Claims Act.

### ATTORNEY FEES AND COSTS

## XVII.

Plaintiffs have been required to obtain the services of counsel to represent them in this matter and, upon prevailing, are entitled to an award of attorneys's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as follows:

1)      Judgment against Defendant in the amount of such sum as may be proven at trial and found just as sustained by all Plaintiffs; and

2)      Interest, costs, and attorney's fees reasonably and necessarily incurred by Plaintiffs.

DATED this _2⁄_ day of _Octbr_ , 2017.

Breck Barton